**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4691**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LARCARUS DOMINIQUE HOWARD,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:04-cr-00478-NCT-1)

Submitted:  April 1, 2020                                           Decided:  April 7, 2020

Before GREGORY, Chief Judge, THACKER, Circuit Judge, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Sophia L. Harvey, LIAO HARVEY PC, Winston-Salem, North Carolina, for Appellant. Michael Francis Joseph, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Larcarus Dominique Howard appeals the revocation of his term of supervised release and the resulting sentence. On appeal, Howard's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal. This court notified Howard of his right to file a pro se supplemental brief, and he has done so, raising the following issues: (1) whether his original period of supervised release exceeded the statutory maximum, and (2) whether the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, and the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, reduced his statutory maximum term of supervised release. We affirm.

The district court may revoke a term of supervised release if the Government proves by a preponderance of the evidence that the defendant violated his release conditions. 18 U.S.C. § 3583(e)(3) (2018). We review the district court's revocation decision for abuse of discretion and its factual findings underlying the revocation for clear error. *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015). We will find clear error only if we are "left with the definite and firm conviction that a mistake was made." *United States v. De Leon-Ramirez*, 925 F.3d 177, 183 (4th Cir. 2019) (internal quotation marks omitted). Here, Howard admitted to testing positive for cocaine on 16 occasions and marijuana once and to not notifying his probation officer within 72 hours of being arrested or questioned by law enforcement. We therefore conclude that the district court did not abuse its discretion in revoking Howard's term of supervised release.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). "We will

2

affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* (internal quotation marks omitted). In making this determination, we are guided by "the same procedural and substantive considerations that guide our review of original sentences." *Padgett*, 788 F.3d at 373 (brackets and internal quotation marks omitted). We have reviewed the record and conclude that Howard's sentence is not plainly unreasonable.

Turning to the claims raised in Howard's pro se brief, Howard argues that his original period of supervised release exceeded the statutory maximum. The applicable law here is found not in 18 U.S.C. § 3583 (2018), as Howard claims, but in Howard's statute of conviction, 21 U.S.C. § 841(b)(1)(C) (2018). That section provides that "[n]otwithstanding section 3583 of title 18, any sentence imposing a term of imprisonment under this paragraph shall, . . . if there was [a prior conviction for a felony drug offense] impose a term of supervised release of at least 6 years in addition to" imprisonment. Because Howard had a prior North Carolina felony drug conviction, the district court properly determined his period of supervised release was six years to life.

Next, Howard argues that the Fair Sentencing Act and First Step Act reduced his maximum term of supervised release. Howard pled guilty to an offense involving 3.5 grams of cocaine base. Neither the Fair Sentencing Act nor the First Step Act affects the classification of Howard's offense because each altered the penalties for offenses involving five grams or more of cocaine base. Howard's conviction was based on 21 U.S.C. § 841(b)(1)(C) (offenses involving less than five grams of cocaine base), and he therefore remains subject to the supervised release provisions contained therein. Accordingly, the

district court's supervised release revocation sentence is within the applicable statutory range of three years' imprisonment. *See* 18 U.S.C. § 3583(h) (2018).

In accordance with *Anders*, we have reviewed the record and have found no meritorious grounds for appeal. We therefore affirm the district court's revocation judgment. This court requires that counsel inform Howard, in writing, of his right to petition the Supreme Court of the United States for further review. If Howard requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Howard. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*